Thomas C. Horne
Attorney General

Rachel Bacalzo, Bar No. 016117
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone:  (602) 542-7750
Facsimile:   (602) 542-7644
Rachel.Bacalzo@azag.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Rexroat, an Arizona Resident,<br><br>               Plaintiff,<br><br>vs.<br><br>Arizona Department of Education; and,<br>State of Arizona, State Board of Education,<br><br>               Defendants. | Case No: CV11-01028-PGR<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Pursuant to Fed. R. Civ. P. 12(c), Defendants Arizona Department of Education, State of Arizona, and State Board of Education move the Court for partial judgment on the pleadings for Plaintiff's failure to state a claim.  Defendant State Board of Education never employed Plaintiff Tracy Rexroat ("Rexroat") and cannot be held liable as her employer.  In addition, some of Rexroat's claims are barred by the applicable statute of limitations.  Further, the Eleventh Amendment to the United States Constitution bars Rexroat's state law claim.  This Motion is supported by the attached Memorandum of Points and Authorities and the Court's record.

/ / /

/ / /

/ / /

/ / /

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    LEGAL ARGUMENT.**

**A.    Applicable Legal Standard.**

Under Federal Rule of Civil Procedure 12(c), "[a] judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). The Court must construe all factual allegations in a light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). When a motion for judgment on the pleadings asserts the plaintiff failed to state a claim, the court should analyze the motion under the Rule 12(b)(6) standard. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate where the plaintiff's complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

Generally, when ruling on a Rule 12(b)(6) motion, the Court may not look beyond the pleadings, but may consider documents attached to the Complaint. *Mason v. State of Ariz.*, 260 F. Supp.2d 807, 814 (D. Ariz. 2003) (citations omitted). The Court may also take judicial notice of court filings and materials in related cases. *See e.g., Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005).

**B.    The State Board of Education never employed Rexroat and cannot be held liable for any of Rexroat's employment law claims.**

In her Verified Complaint, Rexroat names three Defendants – (1) the Arizona Department of Education, (2) the State of Arizona, and (3) the State Board of Education.  Verified Compl. ¶¶ 2-3.  Each of Rexroat's claims arises out of her employment with the Arizona Department of Education.  Verified Compl. ¶ 7.  Counts I and II allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Arizona Civil Rights Act, A.R.S. §§ 41-1401 *et seq.* ("ACRA").  Verified Compl. at pp. 11-14.  Count III alleges a violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA").  Verified Compl. at pp. 14-15.  Each of these statutes requires an employer-employee relationship.  Only an employer can be held liable for alleged violations of Title VII, ACRA and the EPA.

Title VII limits civil liability to claims asserted by an employee against her employer.  42 U.S.C. § 2000e(b); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993); *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980) (stating that Title VII proscribes *employers* from taking statutorily-proscribed actions) (emphasis added).  Similarly, ACRA, applies to employers, employment agencies, labor organizations or joint labor-management committees.  A.R.S. § 41-1461(1); *Storey v. Chase Bankcard Svcs. Inc.*, 970 F.Supp.722, 724 (D. Ariz. 1997) (stating decisions interpreting Title VII are regarded by Arizona courts as persuasive authority for claims brought under ACRA.)  The EPA also applies only to employers.  The statute states in relevant part, "[n]o employer having employees subject to any provisions of this Section shall discriminate within any establishment in which such employees are employed…." 29 U.S.C. § 203(d)(1); *see Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983) ("To make out a case under the Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work.")

The State Board of Education has never been Rexroat's employer.  Rexroat admits that her employer was the Arizona Department of Education.  Verified Comp.

1 ¶ 7.[1]  Because Rexroat did not allege and cannot establish that the State Board of

2 Education was ever her employer, the State Board of Education cannot be held liable

3 under Title VII, ACRA or the EPA.  The State Board of Education is entitled to

4 judgment as a matter of law on each of Rexroat's claims.

5       **C.**     **Rexroat failed to timely file her Title VII Claims.**

6       Title VII contain two limitations periods—one for filing an administrative charge

7 and one for filing a lawsuit.  Depending on the jurisdiction, a person claiming

8 discrimination on any basis prohibited by Title VII must file a charge with the United

9 States Equal Employment Opportunity Commission ("EEOC") within 180 days or

10 within 300 days of the discriminatory act.  42 U.S.C. § 2000e-5(e)(1).  Because Arizona

11 has a state agency (the Arizona Civil Rights Division) that enforces a law prohibiting

12 employment discrimination on the same basis, the 300-day limit applies.  *Id*.

13       When the EEOC dismisses the charge, the EEOC issues the claimant a dismissal

14 and right-to-sue notice that states a lawsuit must be filed within 90 days.  42 U.S.C. §

15 2000e-5(f)(1).  The 90-day period operates as a statute of limitations.  *Scholar v. Pac.*

16 *Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992); *Edwards v. Occidental Chem. Corp.*, 892

17 F.2d 1442, 1445 (9th Cir. 1990) (stating if a lawsuit is not filed within 90 days, the

18 action is barred.)

19       The limitations period begins either on the date the EEOC's dismissal and right-

20 to-sue notice arrived at the plaintiff's address of record, or on the date the EEOC issued

21 the dismissal and right-to-sue notice, if the date of arrival is not known.  *Payan v.*

22 *Aramark Mgmt. Svcs. Ltd.*, 495 F.3d 1119, 1122 (9th Cir. 2007) (citations omitted).  In

23 cases where the date of actual delivery is unknown, the Ninth Circuit has adopted the "3-

24 day" mailing rule set forth in Fed. R. Civ. P. 6(e), thereby giving the plaintiff 93 days to

25 file suit.  *Id*. at 1125-26.

26

27

28

---

[1] The Arizona Department of Education is a non-jural entity.  Answer ¶ 2.  Presumably, that explains Rexroat's decision to name the State of Arizona as a Defendant in this action.  The Arizona Department of Education is not a proper Defendant.

4

1    Here, Rexroat concedes that the EEOC issued a dismissal and right-to-sue notice

2    on February 17, 2011.  Verified Compl. ¶ 15; Answer ¶ 15.  Rexroat is presumed to have

3    received the notice three days later, on February 20, 2011.  Because February 20, 2011

4    was a Sunday and February 21, 2011 was a federal holiday, Rexroat's 90-day statute of

5    limitations began on February 22, 2011.  90 days from February 22, 2011 is May 22,

6    2011.  Because May 22, 2011 was a Sunday, Rexroat had an additional day until

7    Monday, May 23, 2011, to file her lawsuit.  Even with the benefit of intervening

8    weekend days and a holiday, Rexroat still filed her lawsuit late, on May 24, 2011.  (Doc.

9    1.)  Rexroat's Title VII claims are time barred.

10        **D.    Rexroat's ACRA claim is barred by the Eleventh Amendment.**

11    Under the Eleventh Amendment, a non-consenting State, state agency or state

12    department is immune from suits brought in federal court by its own citizens.  *Board of*

13    *Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001); *Pennhurst State Sch. &*

14    *Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "This jurisdictional bar applies regardless

15    of the nature of the relief sought."  *Id*.  The Eleventh Amendment also precludes the

16    adjudication of pendent state law claims against nonconsenting state defendants in

17    federal courts.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004);

18    *Stanley v. Tr. of Cal State Univ*., 433 F.3d 1129, 1133-34 (9th Cir. 2006).

19    Rexroat alleges that this Court has supplemental jurisdiction over her state law

20    claims.  Verified Complaint ¶ 9.  The only state law claims she alleged were under

21    ACRA.  As a matter of law, Rexroat's ACRA claim against the State of Arizona is

22    barred by the Eleventh Amendment.  In addition, even if the State Board of Education

23    and the Arizona Department of Education were properly-named Defendants, Rexroat's

24    ACRA claim against them is barred by the Eleventh Amendment for the same reasons

25    the ACRA claim is barred against the State of Arizona.  Defendants established above

26    that the State Board of Education is not a proper Defendant because it was never

27    Rexroat's employer.  The Arizona Department of Education is a non-jural entity and is

28

not a proper Defendant in this action either.  The Eleventh Amendment bars Rexroat's

ACRA claim against all Defendants.

## II.    CONCLUSION.

For the foregoing reasons, Defendants State of Arizona, State Board of Education

and Arizona Department of Education are entitled to judgment as a matter of law on

Rexroat's Title VII and ACRA claims and Defendant State Board of Education is

entitled to judgment as a matter of law on all of Rexroat's claims.

RESPECTFUALLY SUBMITTED this 9th day of August, 2011.

Thomas C. Horne
Attorney General


 s/Rachel M. Bacalzo
Rachel M. Bacalzo
Assistant Attorney General
Attorneys for Defendants


I certify that I electronically
transmitted the attached document
to the Clerk's Office using the
CM/ECF System for filing and
transmittal of a Notice of Electronic
Filing to the following, if CM/ECF
registrants, and mailed a copy of
same to any non-registrants, this
9th day of August, 2011, to:

Cameron Matthew Hall
Law Firm of Cameron Hall & Associates LLC
11811 North Tatum Boulevard, Suite 3031
Phoenix, Arizona 85028
Attorneys for Plaintiff

 s/Rebecca Warinner
Attorney General Secretary

#2135145

6