**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Rexroat, ) | CIV. 11-1028-PHX-PGR |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| Arizona Department of Education; ) and, State of Arizona, State Board of ) Education, ) | |
| Defendants. ) | |

Before the Court are Defendants' Motion for Judgment on the Pleadings (Doc. 15) and Plaintiff's Motion to Correct the Docket (Doc. 20). For the reasons set forth below, Defendants' motion is granted and Plaintiff's motion is denied.

**BACKGROUND**

Plaintiff is employed as an Education Program Specialist in the Career Pathways Unit of the State of Arizona, with the Arizona Department of Education ("ADE"). On May 24, 2011, Plaintiff a complaint alleging gender discrimination in violation of Title VII, the Equal Pay Act ("EPA"), and the Arizona Civil Rights Act ("ACRA"). She claims that her salary at ADE is the product of unlawful gender discrimination because her male counterparts receive higher salaries for the same work.

In their motion to dismiss, Defendants argue that the State Board of Education is not Plaintiff's employer and should be dismissed from the lawsuit, that Plaintiff's Title VII claims are time barred, and that Plaintiff's ACRA claim is barred by the Eleventh Amendment. Plaintiff does not oppose dismissal of the ACRA claim. (Doc. 19 at 4.)

**DISCUSSION**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is assessed under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990)).

**1.    Plaintiff does not sufficiently allege that the State Board of Education is her employer**

Plaintiff names three Defendants in her Complaint: ADE, the State of Arizona, and the State Board of Education ("SBE"). Title VII and the EPA prohibit employers from discriminating on the basis of sex. *See* 42 U.S.C. § 2000e(b); 39 U.S.C. § 206(d)(1). Defendant contends that Plaintiff has failed to allege that SBE is her employer. The Court agrees. In her Complaint, Plaintiff alleges that she was "[a]t all times material to this Complaint, . . . employed by Defendant ADE." (Doc. 1, ¶ 7.)

To counter Defendants' argument that she failed to allege SBE as her employer, Plaintiff cites her allegation that "ADE and SBE, individually or severally, committed acts/omissions causing damages and harm to Plaintiff in violation of statutes and under theories sounding in both contract and in tort." (*Id.*, ¶ 5; *see id.*, ¶ 6.) While Plaintiff correctly notes that the factual assertions in her Complaint must be accepted as true, the allegations she relies on, contained in ¶¶ 5 and 6, do not constitute factual assertions that she was employed by SBE. Instead, they state a legal conclusion that Plaintiff was harmed by SBE.

As the Supreme Court recently reiterated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* For these reasons, the Complaint fails to properly allege that SBE was Plaintiff's employer.

**2.     Title VII claims are time-barred**

Defendants argue that Plaintiff's Title VII claims should be dismissed because they are barred by the 90-day statute of limitations. "The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations." *See Scholar v. Pacific Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990)). The start of the limitations period is measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgm't Serv.*, 495 F.3d 1119, 1222 (9th Cir. 2007). If a claimant does not file suit within the limitations period, her action is barred. *Scholar*, 963 F.2d at 267.

The record here shows that the EEOC issued a dismissal and right-to-sue notice on February 17, 2011. Thus, Plaintiff's complaint was due on or before Monday, May 23, 2011. She filed the complaint on May 24, 2011.

In her Motion to Correct the Docket, Plaintiff ascribes the late filing to an "undetermined technical error" by which her complaint was "tendered," along with the filing fee, by counsel's legal assistant on May 23, but was not received by the Clerk's Office until the legal assistant refiled it the next morning. (Doc. 20 at 2–3.) Plaintiff argues that the complaint was filed when it was originally sent to the Clerk on the May 23. (*Id.* at 4–5.) Alternatively, she asks the Court to exercise its inherent authority and deem the complaint filed as of May 23 notwithstanding any error on her part or glitch in the ECF system. (*Id.* at 5–7.)

As Defendants note, in her Motion to Correct the Docket Plaintiff is essentially seeking equitable tolling of the 90-day statute of limitations. While equitable tolling is available in "extreme cases," it has been "applied sparingly"—in cases, for example, where the statute of limitations "was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar*, 963 F.2d at 268 (citing *Irwin*

*v. Veterans Admin.*, 498 U.S. 89 (1990). Notwithstanding Plaintiff's allegations of a malfunction of the ECF system, such circumstances are not present here. *Cf. Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72, 74 (2d Cir. 2005) (excusing late filing of third remand motion where first motions were timely filed but rejected by ECF system). Rather, this is a case "when a late filing is due to claimant's failure 'to exercise due diligence in preserving [her] legal rights.'" *Id.* (quoting *Irwin*, 498 US at 96). Therefore, equitable tolling is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 15) is **granted**. Plaintiff's Title VII and ACRA claims are dismissed with prejudice. All claims against the State Board of Education are dismissed with prejudice.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Correct the Docket (Doc. 20) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 22nd day of November, 2011.

Paul G. Rosenblatt
United States District Judge

- 4 -