Cameron Hall; AZ Bar No. 025177
Michael Zoldan; AZ Bar No. 028128
Zachary Price; AZ Bar No. 028464
**HALL & CHELLE LAW, LLC**
7400 E. Pinnacle Peak Rd.
Suite 204
Scottsdale, AZ 85255
Tel & Fax: 480.422.4529
Cameron@Hall-Chelle.com
Michael@Hall-Chelle.com
ZPrice@Hall-Chelle.com
Docketing@Hall-Chelle.com

Attorneys for Plaintiff
Tracy Rexroat

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Tracy Rexroat**, | Case No. CV 11-01028-PHX-PGR |
| Plaintiff, | |
| v. | **AFFIDAVIT OF MICHAEL ZOLDAN, ESQ.** |
| **Arizona Department of Education**; and, **State of Arizona, State Board of Education,** | **(Assigned to the Hon. Paul G. Rosenblatt)** |
| Defendants. | |

Michael Zoldan, being first duly sworn upon oath, deposes and states as follows:

1.     I am one of the counselors of record for Plaintiff Tracy Rexroat ("**Rexroat**").  My firm, Hall & Chelle Law, LLC, represents Rexroat.

2.     This affidavit constitutes my declaration pursuant to Federal Rule of Civil Procedure 37(a)(1) and LRCiv. 7.2(j).

3.     As described below, I hereby certify that after personal consultation and

*HALL & CHELLE LAW, LLC*
*7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255*
*Tel & Fax: 480.422.4529 – Docketing@Hall-Chelle.com*

sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

4.      All of Rexroat's discovery requests, and the responses provided by Defendant State of Arizona, Department of Education ("**ADE**" or "**Defendant**"), are attached hereto as "**Exhibit 1.**"

5.      On or about November 23, 2011, I caused Rexroat's first Amended set of Non-Uniform Interrogatories, Requests for Admission and Requests for Production to be served on ADE.  (Dkt. 32).

6.      ADE's responses to those requests are entirely deficient and almost completely devoid of all electronically stored information, which was conspicuously requested by Rexroat.

7.      On February 14, 2012, Plaintiff's counsel and ADE's counsel, Rachel Bacalzo, conducted a telephonic conference to try to resolve this matter.  Such conference was a sincere effort to resolve the discovery dispute. However, no resolution could be reached.

8.      On March 7, 2012, based on Judge Rosenblatt's instruction for the parties to attempt to resolve the issue(s) themselves, the parties conducted their second telephonic meet and confer.   Again, after this second lengthy conference, the dispute was not resolved.

9.      On March 22, 2011, I emailed ADE's counsel to attempt to resolve Plaintiff's discovery dispute before resorting to filing a Motion to Compel. (*March 22, 2012 Email from Michael Zoldan to Rachel Bacalzo,* attached hereto as "**Exhibit 2**").

10.      Immediately after sending that email, I received an auto-response from

HALL & CHELLE LAW, LLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.422.4529 – Docketing@Hall-Chelle.com

ADE's counsel indicating that she will be out of the office through March 27, 2012. (*March 22, 2012 Automatic Response,* attached hereto as "**Exhibit 3**").

11.    I did not receive a response from ADE's counsel on March 27, 2012.

12.    I did not receive a response from ADE's counsel on March 28, 2012.

13.    On April 9, 2012, I received a letter from ADE's counsel refusing to meet and confer regarding the discovery dispute (*April 6, 2012 Letter from Rachel Bacalzo to Michael Zoldan*, attached hereto as "**Exhibit 4**").

14.    As a result of ADE's refusal to meet a third time and its overwhelming failure fulfill its discovery obligations, Plaintiff has concluded that ADE is unwilling to attempt to resolve this matter.

15.    In light of the foregoing, undersigned counsel made reasonable and good faith efforts to resolve this dispute, but was unsuccessful.


FURTHER YOUR DECLARANT SAITH NOT.


DATED April 17, 2012.


/s/ Michael Zoldan
Michael Zoldan

HALL & CHELLE LAW, LLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.422.4529 – Docketing@Hall-Chelle.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Rachel Bacalzo, Esq.
Assistant Attorney General
1275 West Washington
Phoenix, Arizona 85007
Telephone: (602) 542-7750
Rachel.Bacalzo@azag.gov


/s/ Brittney Perry

HALL & CHELLE LAW, LLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.422.4529 – Docketing@Hall-Chelle.com

**E**

**X**

**H**

**I**

**B**

**I**

**T**

**1**

# EXHIBIT 1

Cameron Hall; AZ Bar No. 025177
Michael Zoldan; AZ Bar No. 028128
**HALL & CHELLE, LLC**
7077 E. Marilyn Rd. # 140
Scottsdale, AZ 85254
Tel: 480.422.4529
Fax: 602.513.7449
Cameron@Hall-Chelle.com
Michael@Hall-Chelle.com
Docketing@Hall-Chelle.com

Attorney for Plaintiff
Tracy Rexroat

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Tracy Rexroat,** an Arizona Resident,<br><br>Plaintiff,<br><br>v.<br><br>**Arizona Department of Education;** and **State of Arizona, State Board of Education,**<br><br>Defendants. | **Case No. CV11-01028-PGR**<br><br>**PLAINTIFF'S FIRST AMENDED SET OF NON-UNIFORM INTERROGATORIES TO DEFENDANT**<br><br>**(Assigned to the Hon. Paul G. Rosenblatt)** |

**TO:       Arizona Department of Education; and State of Arizona, State Board of Education and its attorneys.**

Pursuant to the Federal Rules of Civil Procedure (the "**Rules**"), Rule 33 Tracy Rexroat ("**Rexroat")** by and through undersigned counsel, hereby requests that Defendants Arizona Department of Education ("ADE") and Defendant State Board of Education ("SBE") respond to these Non-Uniform Interrogatories (**"NUI's")** within the

time provided by the Rules, and in accordance with the Instructions and Definitions set forth below.

## **INSTRUCTIONS**

1.    These instructions and definitions should be construed to require (a) answers based upon your knowledge of, and all information available to, you as well as your agents, representatives, and, unless privileged, attorneys, and/or (b) all documents within your possession, custody or control, or within that of your past and present agents, representatives and attorneys.

2.    To the extent that documents, writings, and/or any other data or data compilations responsive to the requests detailed below are available in electronic or "native" form, please provide them in that form.  Fed. R. Civ. P. 34(b)(1)(C).

3.    It is intended that the following discovery requests will not solicit any material protected either by the attorney-client privilege or work product doctrine which was created by, or developed by, your attorneys *after* the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log is required as to such material.

4.    Each request must be responded to separately.  If these requests are directed to more than one party, each named party must provide separate responses.  However, a document which is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

5.    All documents produced shall be segregated and identified by the requests to which they are primarily responsive.  Where required by a particular request, or parts

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

thereof, documents produced shall be further segregated and identified as specified therein. Any documents that are stored or maintained in files (physical or electronic) in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

6. To avoid ambiguity, significant effort has been invested in structuring these instructions, and in defining the terms below. If you encounter any ambiguities when construing a request, instruction, or definition, please contact undersigned counsel immediately. If, after contacting counsel, you still claim that a request, instruction, or definition is ambiguous, your response shall set forth with specificity the matter deemed ambiguous and the construction used in responding.

7. Do not leave part of any request unanswered merely because you have interposed an objection to another part of that request. Instead, you must clearly delineate which parts are objectionable, and then respond fully to the remainder. Furthermore, if providing a partial or incomplete answer, you must clearly state that the answer is partial or incomplete, and that you are withholding information and/or documents on the basis of your objection(s).

8. If a requested document is (i) in hardcopy format, and has another document stapled, clipped, or otherwise attached to it, or (ii) in electronic format, and has another electronic document attached, linked or associated to it, then you must produce both the requested document, and the document that is stapled, clipped, attached, linked, associated or otherwise (in the same manner as the original) – regardless of whether the appended document is responsive in and of itself.

9. Each request refers to all documents and/or information that you either

know to exist or that you can locate or discover by reasonably diligent efforts.

10.     If (i) your response to any request is "unknown", "not applicable", "none", "no documents/information available", or any similar phrase or answer, or (ii) you can only provide a partial response to any request, after a diligent search and reasonable efforts at obtaining the requested document(s) and/or information, then you must clearly state that your answer is only partially responsive, and in either case state the following:

> A. The specific efforts made to obtain the requested documents and/or information, by whom such efforts were made, and on what date(s); and

> B. Identify any person or entity that you know, or reasonably believe, has the requested documents and/or information, or has access to the same.

11.     Documents produced in response to this Request shall include all drafts, attachments, exhibits and enclosures.

12.     Please note that under the Rules, you are under a continuing duty to seasonably supplement your responses with any documents and/or information obtained subsequent to the preparation and filing of a response hereto.

13.     If you are objecting to any request, or part thereof, on the basis of a claimed privilege, or other legal protection (including a claim that responsive material is proprietary or confidential), and are withholding any document or information on the basis of such assertion:

> A. You must, in your objection, identify with specificity the nature of the privilege (including work product) or other legal protection that is being claimed;

> B. You must provide the following information, if known or reasonably

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

available, unless divulging such information would cause disclosure of the allegedly privileged or protected information:

(1) For documents:

    (a) the type of document;

    (b) the general subject matter of the document;

    (c) the date of the document; and

    (d) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

(2) For oral communications:

    (a) the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

    (b) the date and place of the communication; and

    (c) the general subject matter of the communication.

C. The information requested in Subparagraph B, above, must be provided separately for each document, oral communication, or discreet subpart of an interrogatory for which privilege/protection is asserted, unless doing so would be excessively burdensome or expensive. In such instances, you must particularize why providing separate designations would be excessively

HALL & CHELLE, LLC

7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

burdensome or expensive, and then identify by categories the voluminous documents, communications or information for which privilege/protection is asserted, providing the above information for each category. You may only designate documents, oral communications, or discreet subparts of interrogatories as privileged/protected by category if each such item (i) is within the privilege/protection claimed, and (ii) shares common characteristics such as sender, receiver, author, or specific subject matter. Where only part of a document or communication is privileged/protected, the unprivileged/unprotected portion must be disclosed if otherwise discoverable and within the scope of these requests.

14.    When a document contains, both privileged and non-privileged material, or when the information requested is both privileged and non-privileged, the non-privileged portions must be disclosed to the fullest extent possible without thereby disclosing the privileged portions.  If a privilege is asserted with regard to part of the material contained in a document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in *any* fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

15.    If you are withholding a document, or not providing information, for any reason other than an (a) an asserted privilege or other legal protection, (b) an objection that it is beyond the scope of discovery, or (c) that a request is unduly burdensome, then in addition to the above-stated information required for items withheld for

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

privilege/protection, also state the reason for withholding the document(s) or information.

16.    If any request is objected to on the grounds that production is unduly burdensome, describe with specificity what efforts were undertaken to respond to the request, the specific burdens or expenses that were encountered, by whom, and on what date.

17.    If you object to the instant discovery as containing more requests than allowed, clearly identify each request, or part thereof, that you are counting as a separate request, and respond to the number of requests that you assert to be properly allowable.

18.    All documents produced in response to this Request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested.

19.    Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it must be so indicated, and an explanation given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

20.    With respect to any document requested which was once in your possession, custody or control, but no longer is, identify the document, provide as much information about the document and its contents as you can gather, and indicate the date the document ceased to be in your possession, custody, or control, the manner in which it is ceased being so, and the name and address of its present custodian.

21.    Unless otherwise indicated, each request is to be construed as encompassing completely, but limited to, all documents and information pertaining to the subject matter stated in the pleadings, and to events which transpired during the time period relevant to the pleadings.

22.     You can answer these requests by mailing your responses within the time provided by the Rules to the undersigned attorney, whose proper address and contact information appears upon the heading of this request, and along the spine of each page.

23.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

24.     If you elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit Rexroat to locate and identify, as readily as you can, the business records from which the answer may be ascertained.

## <u>DEFINITIONS</u>

Notwithstanding any definition set forth below, each word, term, or phrase used herein is intended to have the broadest meaning permitted under the Rules.  As used in this request, the following terms are to be interpreted in accordance with these definitions:

1.     The terms "**and**" shall mean "**or**" and "**or**" shall mean "**and**" as necessary to call for the broadest possible answer.

2.     The term "**any**" shall also mean "**all**" and *vice versa*.

3.     The term "**communication**" means the transmittal of information by any means.

4.     The terms ''**you**,'' "**your**" and "**yourself**" refer to the party (as that term is defined below) to whom these requests are addressed.

5.     The term "**request**" includes, without limitation, and as appropriate, Interrogatories; Requests for the Production of Documents and Things; and, Requests for Admission.

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle com

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

6.      The "**lawsuit**," "**litigation**" or "**matter**" is the above-captioned matter.

7.      The term "**claim**" means a demand, request or assertion, whether oral or written, formal or informal, by any person for anything of value, including, but not limited to, acts and omissions, monetary payment, the undertaking of action, or the cessation of action.

8.      The term "**concerning**" or "**relating**" shall mean relating to, referring to, describing, evidencing, constituting, consisting of, describing, discussing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing, or bearing any other such logical or factual connection.

9.      The term "**consulted**" or "**contacted**" means any form of communication, *e.g.*, oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters, documents, or electronic mail.

10.     The term "**document**" shall be given the broadest meaning allowable under the Federal Rules of Civil Procedure and Evidence, and includes without limitation any information stored in any medium from which you can obtain information either directly or, if necessary, after translation into a reasonably usable form.  The term "document" therefore includes, but is not limited to, any Electronically Stored Information ("**ESI**"), as that term is defined in the Rules, electronic mail (*and any attachments thereto*), writings, drawings, graphs, charts, photographs, sound recordings, images, data or data compilations, written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, analysis, schedule, report, test, study memorandum, note, list, diary, log,

calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, investigations, reports, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or  maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person.

11.    Any draft or non-identical copy of a document (including non-identical meta-data) is a separate "document" as used herein.

12.    The term "**identify**" means, when used in reference to:

A. A document, to state separately:

(1)    Its description (e.g. letter, report, memorandum, etc.);

(2)    Its relevant dates (includes the dates of creation, modification, etc.);

(3)    Its subject matter;

(4)    The identity of each person who drafted, worked on, had custody of, and signed or otherwise authorized it;

(5)    Its present location, the identity of its present custodian and all prior custodians, and the dates on which each had custody;

HALL & CHELLE, LLC

7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

B.  An oral statement, communication, conference or conversation, to state separately:

    (1)  Its date and the place where it occurred,

    (2)  Its substance,

    (3)  The identity of each person participating therein, and

    (4)  The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

C.  A natural person or persons, to state separately:

    (1)  The full name of each such person,

    (2)  His or her present, or last known residential and business address, telephone number and all known email address,

    (3)  The employer of the person at the time to which the answer is directed and the person's title or position at that time, and

    (4)  His or her relationship, if any, to the parties.

D.  An organization or entity other than a natural person (e.g., a company, corporation, firm, association, partnership, or joint venture), to state separately:

    (1)  The full name and type of organization or entity,

    (2)  The date and state of organization or incorporation,

    (3)  The address of each of its principal places of business, and

    (4)  The nature of the business conducted.

13.  The terms "**transaction**," "**occurrence**" or "**alleged occurrence**," mean the

HALL & CHELLE, LLC

7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

events described in the Complaint and other pleadings, as the word "pleadings" is defined in Rule 7.

14.    The terms "**party**," "**plaintiff**" and "**defendant**" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name (such as Rexroat or ADE/SBE) or a pronoun referring to a party, means that party and, where applicable, his/her/its agents, attorneys, investigators, employees, representatives, officers, directors, members, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, directors, controlling parties, including persons or entities outside of the United States, or anyone else acting for, on behalf of, or with the knowledge of that party.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.  Unless the request states otherwise, or the context clearly indicates otherwise, the term "**defendants**" shall mean all defendants involved in this case, and the term "**plaintiffs**" shall mean all plaintiffs in this case.

15.    The term "**person**" is defined as any natural person or any business, legal or governmental entity, or association, including, without limitation, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity, as well as anyone acting for, on behalf of, or with the knowledge of that person.

16.    Your "**lawyers**" or "**attorneys**" shall mean any person who has represented you in, consult with you regarding, or given you legal advice concerning this lawsuit or the facts giving rise to this lawsuit.

17.    The term "**investigation**" or "**investigate**" shall be given the broadest

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel :480 422 4529 – Docketing@Hall-Chelle.com

possible meaning that is reasonable under the circumstances, and includes, but is not limited to, any analysis, examination, exploration, fact-finding, interview, research, study, hearing, inquest, inquiry, inquisition, inspection, legwork, observation, probe, quest, review, scrutiny, search, sounding, survey, case review, marketing analysis, focus group, triad, diad, process, predictive analysis, tests, outcomes analysis, questioning, inquiring, tracking, modeling, assessments, review, experiment, sampling or simulation (whether theoretical, analytical, experiential, experimental, electronic, computer-based, dynamic, static or otherwise, and   regardless of whether actually begun, or merely planned, theorized, discussed, etc.) made by you or on your behalf.

18.    Unless otherwise specified, any reference herein to Requests for Admission, Requests for Production or Interrogatories refers to those requests served upon you at or near the time the instant requests were also served.

19.    All of the following shall apply, and are intended to bring within the scope of these requests any response that might otherwise be omitted.  The use of a word in any tense shall be construed as the use of that word in all tenses.  The singular includes the plural, and the plural includes the singular.  The term "including" means "including but not limited to."  The terms "and" and "or" encompass both "and" and "or" (thus, "and" or "or" means "and/or").  Words in the masculine, feminine or neuter form shall include all of the other genders as well.

20.    As used in these requests, the phrase "during the relevant time period", or anything substantially similar, shall mean the five years immediately preceding Rexroat's first day of work with you, until and including the date on which you serve your answers to these requests upon Rexroat (subject to your duty under the Rules to supplement all

HALL & CHELLE, LLC

7077 E. Marilyn Rd. - Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

responses).

21.    As used in these requests, the phrases "during the last five years", "during the preceding five years", or anything substantially similar, shall mean the entire period of time covering the five years immediately preceding the date on which the Complaint in this matter was filed, and continuing until and including the date on which you serve your answers to these requests upon Rexroat (subject to your duty under the Rules to supplement all response).

## NON-UNIFORM INTERROGATORIES

1.    Please identify persons who have knowledge of the following:

a.    Plaintiff's job performance and ability to fill the position of Education Program Specialist in the Career and Technical Education ("CTE") section of the ADE.

b.    the charges filed by Plaintiff with the Arizona Civil Rights Commission and/or the Equal Employment Opportunity Commission;

c.    operation or application of the personnel handbook and Defendants' practices regarding orientation, discipline, job evaluation, promotion, location of employees, layoffs, and discharges;

d.    meetings, conferences, or discussions where Plaintiff's complaints, job performance, layoff, and/or promotion were discussed;

e.    the salary, including fringe benefits, received by all Education Program Specialists in the CTE section of the ADE since 2007;

f.    the job performance of Plaintiff's supervisors;

g.    depression, nervousness, change in personality, or other illnesses suffered by Plaintiff;

h.    complaints by Plaintiff and/or other employees regarding disparity in compensation and/or salary between men and women employed by Defendant.

2.    For each person identified in answer to Interrogatory No. 1, please state and

describe what contact Defendant, through its representative, employee, agent, independent contractor, insurer, and/or attorney has had with him or her pertaining to this lawsuit.

3.    Please identify any experts who have knowledge secured in the course of their consultation with Defendants of Plaintiff and/or potential liability for discrimination.

4.    Please state and describe each and every ground relied upon, known, and/or heard by Defendant to indicate or demonstrate that Plaintiff was ineligible to receive a "special entrance rate" as proscribed ADE's "Policy and Procedures-Personnel Requisitions and Hiring".

5.    Please identify and list each Education Program Specialist in the CTE section of the ADE employed by Defendant from January 1, 2007 to date indicating the rank, salary, current employment, race, and gender of each employee.

6.    Please state and describe the employment practices and policies related to assignment, promotion, evaluation, discipline, discharge, permanent layoff, location, and compensation of all employees employed by Defendant as Education Program Specialists in the CTE section of the ADE from January 1, 2007, until the present date.

7.    Please state the salary and benefits every employee performing the same or substantially similar job functions as Plaintiff has received from January 1, 2007 to date.

8.    Please state and describe each and every ground relied upon, known, and/or heard

HALL & CHELLE, LLC

7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

by Defendant to indicate that Plaintiff has not exercised reasonable diligence in mitigating her damages.

9.   Please describe every charge and/or lawsuit brought against Defendants alleging discrimination on the basis of gender indicating for each forum, the case or docket number, status, resolution, and contents, and please identify for each the person bringing the charge and/or lawsuit.

10.   Please describe each conversation Plaintiff had with her supervisors and/or they had regarding her that pertained her allegation that she was being compensated less by Defendant because of her gender.

RESPECTFULLY SUBMITTED on November 23, 2011.

**HALL & CHELLE, LLC**

By: /s/ Michael Zoldan
    7077 E. Marilyn Rd. # 140
    Scottsdale, AZ 85254
    Attorney for Plaintiff
    Tracy Rexroat

1
2

## CERTIFICATE OF SERVICE

3
4

I hereby certify that on November 23, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5
6

COPY e-mailed
on November 23, 2011, to:

7
8
9
10

Rachel Bacalzo, Esq.
Assistant Attorney General
1275 West Washington
Phoenix, Arizona 85007
Telephone: (602) 542-7750
Rachel.Bacalzo@azag.gov

11
12

/s/ Michael Zoldan

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HALL & CHELLE, LLC
7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

Cameron Hall; AZ Bar No. 025177
Michael Zoldan; AZ Bar No. 028128
**HALL & CHELLE, LLC**
7077 E. Marilyn Rd. # 140
Scottsdale, AZ 85254
Tel: 480.422.4529
Fax: 602.513.7449
Cameron@Hall-Chelle.com
Michael@Hall-Chelle.com
Docketing@Hall-Chelle.com

Attorney for Plaintiff
Tracy Rexroat

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Tracy Rexroat,** an Arizona Resident,<br><br>Plaintiff,<br><br>v.<br><br>**Arizona Department of Education;** and **State of Arizona, State Board of Education,**<br><br>Defendants. | **Case No. CV11-01028-PGR**<br><br>**PLAINTIFF'S FIRST AMENDED SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT**<br><br>**(Assigned to the Hon. Paul G. Rosenblatt)** |

TO:    **Arizona Department of Education; and State of Arizona, State Board of Education and its attorneys.**

Pursuant to Federal Rules of Civil Procedure 26 and 36, and Local Rule of Civil Procedure 36.1, you must answer the following Requests for Admission in writing and under oath within thirty (30) days of service. If you deny a Request for Admission that is later proven to be true, Plaintiff is entitled to recover the attorneys' fees and other costs incurred in making such proof. Fed. R. Civ. P. 37(c)(2). Failing to admit ultimate issues, such as causation and liability, will also subject you to sanctions under Rule 37(c)(2).

1
2

## **INSTRUCTIONS FOR USE**

3
4
5
6
7

1.    The matter asserted in each Request for Admission set forth "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).

8
9
10
11

2.    To the extent that documents, writings, and/or any other data or data compilations responsive to the requests detailed below are available in electronic or "native" form, please provide them in that form.  Fed. R. Civ. P. 34(b)(1)(C).

12
13
14

3.    If your response is anything other than an unqualified admission, your "answer must specifically deny" the request, or "state in detail why" the request cannot be truthfully be admitted or denied.  Fed. R. Civ. P. 36(a)(4).

15
16
17
18
19

4.    Any denial "must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Id.  Moreover, the "grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).

20
21
22
23

5.    You may not give lack of information or knowledge as a reason for failing to admit or deny a Request for Admission, unless you also state that you made a reasonable inquiry and that the information you know or can readily obtain is insufficient to allow an unqualified admission or denial.

24
25
26

6.    Requests for Admission are not an opportunity for "evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994).  Instead, requests are deemed to also include the words they fairly describe.

27

## **DEFINITIONS**

28

1.    Unless otherwise specified, the terms "you", "your" and "Defendant" means Defendant Arizona Department of Education ("ADE") and Defendant State Board of

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

Education ("SBE"), hereinafter collectively referred to as ("Defendant") as well as any of Defendant's agents, attorneys, investigators, employees, representatives or officers, and all other persons or entities acting, or purporting to act, on its behalf.

2.      Unless otherwise specified, the term "document" shall be given the broadest meaning allowable under the Federal Rules of Civil Procedure and Evidence.  Documents include, without limitation, any instrument or device by which, through which, or on which, information can be recorded or preserved.  Examples of documents include, but are not limited to, memoranda, notes, letters, books, pamphlets, brochures, newspapers, magazines, periodicals, agreements, promissory notes, catalogs, drawings, photographs (positive print or negative), canceled checks, receipts, graphs, charts, maps, photographs, deeds, contracts, handwritten notes, logs, calendars, diaries, appointment books, transcripts of interviews or testimony before any person, officer or body (whether sworn or unsworn), minutes of meetings, phone records, computer cards, disks, tapes and printouts, and other data compilations and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.

3.      The term "document" also means every copy or version of a document where such copy is not an identical duplicate of the original.

4.      The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

5.      The singular and masculine form of any noun or pronoun shall embrace the plural, the feminine and the neuter; words in the past tense include the present, and words in the present tense include the past, except where circumstances clearly makes such instructions inappropriate.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:        Admit that the Arizona Department of Education (ADE) *denies* that Plaintiff was discriminated against based on her sex and the Equal Pay Act.

HALL & CHELLE, LLC

7077 E. Marilyn Rd . Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

1

Admit _____                         Deny _____

2

3

4

5    **REQUEST FOR ADMISSION NO. 2**:          Admit that Plaintiff was employed by

6    both ADE and the Arizona State Board of Education (Board).

7                Admit _____                         Deny _____

8

9

10

11   **REQUEST FOR ADMISSION NO. 3**:

12        Admit that Plaintiff was employed by ADE since 2007.

13                Admit _____                         Deny _____

14

15

16

17   **REQUEST FOR ADMISSION NO. 4**:

18        Admit that state salaries are determined according to a statewide salary plan.

19

20                Admit _____                         Deny _____

21

22

23   **REQUEST FOR ADMISSION NO. 5**:

24        Admit that Plaintiff's initial salary was set within the State salary range.

25

26                Admit _____                         Deny _____

27

28

HALL & CHELLE, LLC

7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

HALL & CHELLE, LLC

7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

1
2
3
4
5

**REQUEST FOR ADMISSION NO. 6**:

Admit that Plaintiff's initial salary was lower than the initial salaries of her male

counterpart(s) hired to hold the same or similar positions.

        Admit _____                Deny _____

**REQUEST FOR ADMISSION NO. 7**:

Admit that Plaintiff was hired by the ADE on or about June 19, 2007 as an

Education Program Specialist with the Career and Technical Education Section.

        Admit _____                Deny _____

**REQUEST FOR ADMISSION NO. 8**:

Admit that Plaintiff was hired for a "limited position" as an Education Program

Specialist.

        Admit _____                Deny _____

**REQUEST FOR ADMISSION NO. 9**:

Admit that Plaintiff's hiring position was a grade 21 and had an Arizona

Department of Administration (ADOA) annual salary range of $38,818 to $66,171.

    Admit _____          Deny _____

**REQUEST FOR ADMISSION NO. 10:**

Admit that under the Defendants' personnel rules, a State agency can hire a new

employee for a salary that is at least the minimum of the range and up to the midpoint of

the range.

    Admit _____          Deny _____

**REQUEST FOR ADMISSION NO. 11:**

Admit that the personnel rules permit a candidate to be hired at a rate greater than

the midpoint of the range ("special entrance rate").

    Admit _____          Deny _____

**REQUEST FOR ADMISSION NO. 12:**

Admit that a "special entrance rate" may be given based on the applicant's

unusual and outstanding experience, education and ability, or based on the availability of

qualified applicants or the applicant's earning history.

    Admit _____          Deny _____

HALL & CHELLE, LLC

7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

1
2
3
4
5

**REQUEST FOR ADMISSION NO. 13:**

6    Admit that ADE policy provides that the agency will consider "salary history,

7  experience and education" in making an initial salary recommendation.

8
9       Admit _____                    Deny _____

10
11
12

**REQUEST FOR ADMISSION NO. 14:**

13    Admit that there were four candidates for the position that Plaintiff was hired to

14
15  fill.

16       Admit _____                    Deny _____

17
18
19
20

**REQUEST FOR ADMISSION NO. 15:**

21    Admit that the top candidate of the four who applied was the Plaintiff.

22
       Admit _____                    Deny _____
23
24
25
26
27

**REQUEST FOR ADMISSION NO. 16:**

28

HALL & CHELLE, LLC
7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

Admit that ADE made reference checks on Plaintiff and that it was determined that she would be considered for the position for which she applied.

Admit _____                    Deny _____

**REQUEST FOR ADMISSION NO. 17:**

Admit that Plaintiff had experience in developing and teaching an engineering technology program in high school and had experience working in business and industry.

Admit _____                    Deny _____

**REQUEST FOR ADMISSION NO. 18:**

Admit that ADE submitted a memorandum recommending Plaintiff for hire.

Admit _____                    Deny _____

**REQUEST FOR ADMISSION NO. 19:**

Admit that the entrance level salary for Plaintiff's position was $38,000 per year.

Admit _____                    Deny _____

**REQUEST FOR ADMISSION NO. 20:**

Admit that Plaintiff was offered $40,000 per year to start.

HALL & CHELLE, LLC
7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

Admit _____                              Deny _____

## REQUEST FOR ADMISSION NO. 21:

Admit that state agencies *do* have some discretion to grant salary increases to state service personnel such as Plaintiff.

Admit _____                              Deny _____

## REQUEST FOR ADMISSION NO. 22:

Admit that Plaintiff was employed by the State since June 19, 2007 as a State Supervisor for the Certified Teacher Education (CTE) program.

Admit _____                              Deny _____

## REQUEST FOR ADMISSION NO. 23:

Admit that a male with less experience and education than Plaintiff was hired at a considerably higher annual pay than females who had been hired under the same job description as Plaintiff's.

Admit _____                              Deny _____

HALL & CHELLE, LLC
7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com

1
2
3
4
5
6

**REQUEST FOR ADMISSION NO. 24:**

7
8
9
10

Admit that the male referred to in No. 23 herein was hired to perform similar job duties requiring equal skill, effort and responsibility as a CTE State supervisor, the position for which Plaintiff was hired.

11                Admit _____              Deny _____

12
13
14
15

**REQUEST FOR ADMISSION NO. 25:**

16
17

Admit that ADE filled six Education Program Specialist positions at approximately the time Plaintiff was hired.

18
19                Admit _____              Deny _____

20
21
22
23

**REQUEST FOR ADMISSION NO. 26:**

24
25

Admit that the male who was hired among the six had the second highest annual starting salary.

26
27                Admit _____              Deny _____

28

**REQUEST FOR ADMISSION NO. 27:**

Admit that in July 2008, the Career Pathway Unit to which Plaintiff was assigned as a supervisor had a total of six supervisors holding the same or similar positions.

Admit _____            Deny _____

**REQUEST FOR ADMISSION NO. 28:**

Admit that of the six supervisors, five are females and one is a male.

Admit _____            Deny _____

**REQUEST FOR ADMISSION NO. 29:**

Admit that as of July 2008, of the six supervisors, the male had the second highest annual salary.

Admit _____            Deny _____

**REQUEST FOR ADMISSION NO. 30:**

Admit that the male with the second highest salary in July 2008 received a "special entrance rate," meaning his starting salary was higher than the mid-range point for that position.

Admit _____            Deny _____

HALL & CHELLE, LLC
7077 E. Marilyn Rd., Suite 140, Scottsdale, AZ 85254
Tel: 480 422 4529 – Docketing@Hall-Chelle.com