**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Rexroat,<br><br>　　　Plaintiff,<br><br>v.<br><br>Arizona Department of Education, et al.,<br><br>　　　Defendants.<br>_____ | CIV. 11-1028-PHX-PGR<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Compel Discovery. (Doc. 60.) Defendant Arizona Department of Education ("ADE") opposes the motion. (Doc. 69.)

Plaintiff works as an Education Program Specialist in the Career Pathways Unit of the ADE. On May 24, 2011, she filed a complaint alleging gender discrimination in violation of the Equal Pay Act. (Doc. 1.) She alleges that her male counterparts receive higher salaries for the same work and that her salary is the result of unlawful gender discrimination.

## **DISCUSSION**

In her Motion to Compel Discovery, filed April 18, 2012, Plaintiff first asserted that ADE's discovery responses were "evasive" and that ADE failed to produce or properly object to Plaintiff's requests for electronically stored information ("ESI"). (Doc. 60 at 6.) ADE contends that Plaintiff's discovery requests are untimely and that Plaintiff has not demonstrated good cause for additional discovery as required by the Court's Amended Scheduling Order, which set March 16, 2012, as the deadline for the completion of

discovery. (*See* Doc. 29.)

The Court agrees that Plaintiff has not shown good cause for additional, post-deadline discovery concerning ADE's responses to interrogatories and requests for admissions, or for the disclosure of additional ESI. The Court also agrees that ADE has adequately complied with Rule 34 of the Federal Rules of Civil Procedure by producing information, including ESI, reflecting the salary and job duties of Plaintiff and her co-workers, as such information was kept in the usual course of business.[1] (Doc. 67 at 4–10.) Plaintiff does not attempt to counter ADE's argument. (*See* Doc. 79.)  In her motion, Plaintiff also complains that ADE "refused to permit the deposition of [Terry] Mendez." (Doc. 60 at 5.) Plaintiff does not elaborate on this argument, and the Court agrees with ADE that Plaintiff failed to diligently pursue the Mendez deposition. (*See* Doc. 67 at 12–13.)

Plaintiff's Motion to Compel also sought permission to reconvene the deposition of James Wojcik and the Rule 30(b)(6) designees. (Doc. 60 at 3–5, 11–12.) In her reply brief, Plaintiff requests that the Court focus on these issues. (Doc. 79 at 1.) Specifically, Plaintiff asks the Court to find that she is entitled to further depose Wojcik because his deposition was cut short to accommodate ADE's counsel's medical appointment. She also seeks an order allowing her to "reconvene the Rule 30(b)(6) deposition because only one of three designees appeared, and the sole attending designee was woefully unprepared and grossly uninformed." (*Id.* at 6.)

ADE argues that additional depositions are unwarranted given counsel's dilatory handling of the original depositions. The Court agrees.

The record indicates that Plaintiff's counsel noticed the deposition of James Wojcik

---

[1] ADE's argument is supported by Declarations from Billie Belanger, head of Human Resources; Terry Mendez, Information Technology Specialist; Mark Masterson, Chief Information Officer/Associate Superintendent; and Program Director Janet Brite (Doc. 67, Ex's 9–12). It is clear from these Declarations that ADE produced the key documents relating to salary and job descriptions and that complying with additional discovery requests would be overly expensive and burdensome under Rule 26(b)(2)(C)(iii).

for March 9, 2012. Wojcik was served with one page of a subpoena on the evening on March 7, 2012. (Doc. 67, Ex. 13, ¶ 3.) He asked Rexroat's counsel to move the deposition to the following week, explaining that it would be a hardship to be out of the office on March 9. (*Id.*, ¶ 4.) He was told that the deposition could not be rescheduled. (*Id.*) Because he did not receive the second page of the document, he was not aware of his right to object to the subpoena. (*Id.*, ¶ 7.) Wojcik rearranged his schedule and appeared for the deposition on March 9, 2012. (*Id.*)

ADE's counsel also accommodated the date and time chosen by Plaintiff, but provided advance notice that she had a medical appointment scheduled for 4:00 p.m. and would have to leave the deposition no later than 3:15 p.m. (Doc. 67, Ex. 3, ¶ 7.) During the morning of March 9, ADE's counsel reminded Plaintiff's counsel that she needed to leave for the 4:00 p.m. appointment, but informed him that she would be able to remain until 3:30. (*Id.*; *see* Ex. 14.)

Plaintiff's counsel, Michael Zoldan,[2] started the deposition half an hour late, at 1:27 p.m., and concluded at 3:27 p.m. (Doc. 67, Ex. 16.) Mr. Wojcik and ADE's counsel were prepared to start the deposition at 1:00 p.m. If the deposition had started on schedule, Plaintiff's counsel would have had two and one half hours of examination time, which is consistent with the two to three hours counsel had allotted for the deposition. (*Id.*; *see* Ex's 13, 15, 16 at 1–4, 89.)

Under Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure, leave is required to take a second deposition of a witness. ADE argues that leave should be denied because Plaintiff' counsel failed to take full advantage of the time available to depose Mr. Wojcik and because he gave no regard to the hardship caused to Mr. Wojcik in appearing for the deposition. (Doc. 67 at 11.) As noted, counsel started the deposition half an hour late. When

---

[2] Plaintiff was represented by Zolan and attorney Cameron Hall. On May 8, 2012, the Court granted counsel's motion to withdraw as counsel (Doc. 71.)

- 3 -

the deposition did begin, Mr. Wojcik "was not asked many questions about [his] employment at ADE." (Doc. 67, Ex. 13, ¶ 11.) Plaintiff provided Mr. Wojcik less than two days' notice of his deposition. Unaware of his right to object to the subpoena, Mr. Wojcik rearranged his schedule so that he could appear at his deposition on March 9. (*Id.*, ¶ 7.) He "absolutely oppose[s] being deposed again." (*Id.*, ¶ 10.)

Under these circumstances, the Court finds that Plaintiff did not exercise diligence in deposing Mr. Wojcik, notwithstanding the time limitations imposed by the medical appointment of ADE's counsel. Because Plaintiff has not shown good cause for her failure to complete the deposition prior to the discovery deadline, the Court will deny Plaintiff's request to take further depose Mr. Wojcik.

ADE also contends that a second Rule 30(b)(6) deposition is inappropriate. Plaintiff asserts that only one of the three designees appeared at the deposition and that she, Ms. Belanger, was unprepared and uninformed. (Doc. 79 at 6.) These assertions are inaccurate.

ADE designated three witnesses, Janet Brite,[3] Debbie Jackson, and Billie Belanger.[4] (Doc. 67, Ex. 14.) At the request of Plaintiff's attorneys, all three witnesses appeared at the deposition on March 15, 2012. (Doc. 67, Ex. 21 at 153.) They arrived at 9:00 a.m. and remained available until 6:00 p.m. (Doc. 67, Ex. 12, ¶ 8; Ex. 20, ¶ 3.)

ADE was prepared to start the deposition at 9:00 a.m. (Doc. 67, Ex. 3, ¶ 14.) Plaintiff's counsel didn't start Belanger's deposition until 9:14. (Doc. 67, Ex. 21 at 1–4.) He took a break from 10:24 to 11:40 a.m. (*Id.* at 86.) The parties broke for lunch at 1:23 p.m. (*Id.* at 151.) They went on the record again at 3:10, p.m., but the deposition never resumed. (*Id.*, *see* Ex. 3, ¶ 15; Ex. 21 at 151.) Instead, Plaintiff's attorneys claimed they were unable to

---

[3] Ms. Brite is Plaintiff's supervisor. She had already been deposed for a full day on March 13, 2012.

[4] Ms. Jackson was the head of ADE's Human Resources when Plaintiff was hired. She was replaced by Ms. Belanger in January 2011. (Doc. 67 at 13.)

- 4 -

continue the deposition because they needed time to assess the "magnitude and amount of documents" ADE had produced with its Fourth Supplemental Disclosure Statement. (*Id.* at 151–52, 154–55.) Mr. Zoldan stated that he would return to the deposition after assessing the documents to see how much additional time he would need. (*Id.*)

ADE's counsel and the three witnesses waited for Plaintiff's counsel to complete their review of the documents and resume the deposition. Based on reassurances from Plaintiff's counsel that the deposition would resume shortly, ADE's counsel and witnesses waited until 6:00 p.m., at which point they left, Plaintiff having failed to renew the deposition. (*See* Doc. 67, Ex. 3, ¶¶ 16–20; Ex. 12, ¶ 9; Ex. 20, ¶ 5.)

Just as the record disproves Plaintiff's claim that two of the Rule 30(b)(6) designees were "no shows," it also fails to support Plaintiff's allegation that Ms. Belanger, the only witness Plaintiff did depose that day, was "woefully unprepared and grossly uninformed."

Plaintiff notes that Ms. Belanger, according to her own testimony, did not specifically prepare for her deposition and had not reviewed certain documents. (Doc. 79 at 7–11.) She also conceded that the other designees would be better able to answer Plaintiff's questions. (*Id.*) These statements do not indicate that Belanger was unprepared.

As ADE notes, of the three 30(b)(6) designees, Ms. Belanger had the narrowest designations because she has been head of ADE's Human Resources only since January of 2011. (Doc. 67, Ex. 9, ¶ 20.) She was prepared to testify about "the general categories of information that ADE Human Resources currently maintains regarding Plaintiff's employment." (Doc. 67, Ex. 14 at 1.) In addition, according to Ms. Belanger's Declaration, Plaintiff's counsel never asked why she did not prepare specifically for the deposition. (Doc. 67, Ex. 9, ¶ 22.) Ms. Belanger attests that she was fully prepared to testify regarding the designated subjects based on her extensive involvement with ADE's defense of this action. (*Id.*, ¶ 21–22.) She had attended every deposition (*id.*, ¶ 21), and spent approximately 85 hours in communication with ADE's counsel (Doc. 67, Ex. 3, ¶ 18). Therefore, according to

ADE, "Ms. Belanger did not need to take additional steps to testify fully and competently on ADE's behalf regarding the designated subjects." (Doc. 67 at 16.)

The Court agrees. If Plaintiff's counsel were concerned with the adequacy of Ms. Belanger's knowledge and preparation, they could have clarified the issue with her, continued her scheduled deposition, or deposed Ms. Brite and Ms. Jackson, who were also present and, as testified to by Ms. Belanger, capable of answering counsel's specific questions. Having failed to do so, Plaintiff cannot show that an additional deposition is necessary based on Ms. Belanger's alleged lack of preparation.

For the reasons set forth above, Plaintiff is not entitled to an extension of the discovery deadline for further depositions.

Accordingly,

IT IS ORDERED denying Plaintiff's Motion to Compel (Doc. 60).

DATED this 17th day of September, 2012.

Paul G. Rosenblatt
United States District Judge