**THE STROJNIK FIRM L.L.C.**
ATTORNEYS AT LAW
ESPLANADE CENTER III SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN 026082, CABN242728
strojnik@skplaw.com

*Attorney for Plaintiff Tracy Rexroat*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRACY REXROAT, an Arizona resident,<br><br>Plaintiff,<br><br>vs.<br><br>ARIZONA DEPARTMENT OF EDUCATION; STATE OF ARIZONA, STATE BOARD OF EDUCATION,<br><br>Defendants. | NO. 2:11-cv-01028-PGR<br><br>**NOTICE OF DEFENDANT'S ADMISSION REGARDING "SALARY HISTORY"**<br><br>**and**<br><br>**NOTICE OF DEFENDANT'S ADMISSION THAT THE SKILL, RESPONSIBILITY AND EFFORT FOR REXROAT AND COUNTERPARTS ARE THE SAME** |

NOTICE IS HEREBY GIVEN that Defendant Arizona Department of Education, through its representative Janet Brite, unambiguously admitted in a recent deposition that (1) salary history alone was the basis for awarding the male counterparts in this action (James and Jason Wojcik) a higher salary than Tracy Rexroat, and (2) that no other factors were considered in awarding these male counterparts significantly higher salaries for performing the same work as Plaintiff Tracy Rexroat. This is a material issue in this case and pursuant to the Ninth Circuit

-1-

Kouba decision and this District's interpretation of the Kouba decision, which states that salary history alone is not a sufficient defense under the Equal Pay Act.  See Lewis v. Smith, No. 01-0748-PHX-ROS (D. Ariz. 2003) ("*in other words, merely relying on the prior salary of an employee, without analyzing the market value of the employer's skills, is insufficient to establish an equal pay defense*") (emphasis supplied); Glenn v. General Motors Corp., 841 F.2d 1567 (11th Cir. 1988) ("*prior salary history alone, without consideration of skill or experience, cannot justify pay disparities*") (emphasis supplied); Price v. Lockheed Space Operations Co., 856 F.2d 1503 (11th Cir. 1988) ("*prior salary history alone is not a sufficient justification, **even under Kouba***") (emphasis supplied).

Ms. Brite's unequivocal, clear and unambiguous admissions that salary history alone was the basis for the higher salaries were made under oath during a deposition that occurred on November 20, 2012 in the matter of Hahn et al. v. Arizona Department of Education, which is pending in this District under cause number 2:12-cv-1299-FJM.  A copy of the full transcript of Ms. Brite's deposition is attached hereto as Exhibit 1, and below will outline the citations to the transcript that demonstrates the clarity of the issue of salary history and convincingly impeaches Defendant's argument in this action that salary history was not the only factor considered.

| Citation | Testimony |
|---|---|
| 13:22-14:6 | Initial salaries are **based solely on salary history of the candidate**. |
| 54:19-55:13 | Janet Brite is a grade 22 supervisor, and her job is to supervise grade 21 State Supervisors.  As their supervisor, she is aware of their salaries, and as such, she is aware that James Wojcik was paid a higher salary than Tracy Rexroat.  **He was paid a higher salary because he had a higher salary history**. |
| 96:22-25 | James Wojcik and Jason Wojcik were given higher initial salaries than Tracy Rexroat because **they had a higher salary history**. |

| | | |
|---|---|---|
| 107:24-108:12, 109:11-110:16 | | Although pursuant to ADE Personnel Rule R2-5-302.H all of the following factors must be considered in awarding a special entrance rate: "The unusual and outstanding character of the applicant's experience, education and ability as relates to the specific position, the availability of qualified applicants, the geographical location of the position, and the applicant's earning history", **only salary history was considered in awarding James and Jason Wojcik special entrance rates**. |
| 114:1-13 | | Q. So you testified that when you awarded Mr. Jason Wojcik a special entrance rate, **you didn't consider the factors in section 2F of Attachment 3 of Exhibit 6;** is that true?<br>A. **That's true.**<br>Q. And that's the same with James Wojcik?<br>A. That's true. |

NOTICE IS FURTHER GIVEN that Janet Brite also unequivocally and unwaveringly conceded that the skills required to perform Ms. Rexroat's job and that of her male counterparts is the same, the effort required to perform their jobs is ensured to be the same on average, and the responsibility is the same. Ms. Rexroat again outlines a few of the many applicable citations below, which shows the simplicity of the issue that she and her male counterparts perform the same jobs.

| Citation | Prima Facie Factor | Testimony |
|---|---|---|
| 114:21-118:10 | Skill | Ms. Brite does <u>not</u> believe that Jason Wojcik has greater experience, greater education or greater knowledge in his assigned CTE areas than Tracy Rexroat has in her assigned areas. |
| 145:15-146:12 | Skill | Tracy Rexroat, James Wojcik and Jason Wojcik **all possess the same obvious and uniform skills** to perform their jobs as State Supervisors. |
| 147:17-22 | Responsibility | Q. The major responsibilities for James Wojcik, when you supervised him, and Tracy Rexroat, Stephanie Hahn and Ruth Kerr and Jason Wojcik, **would you say that they have the same level of responsibility?**<br>A. **Yes.** |
| 119:9-120:20. | Effort | As their supervisor, Janet Brite **ensures that on average there is an equal workload** among the persons she supervises, |

|  |  | which includes **James Wojcik, Jason Wojcik and Tracy Rexroat.** |
| --- | --- | --- |
| 149:1-8 | Effort | Ms. Brite testifies that it is "hard to say" whether the amount of effort exerted by Jason Wojcik, James Wojcik, and Tracy Rexroat works out to be the same. |
| 150:4-14 | Effort | Ms. Brite testifies that the **salary awarded to James Wojcik was not based on the amount of effort required to perform his job, but rather based on his salary history**. |

The above testimony by Defendant Arizona Department of Education is provided to the Court to impeach Defendant's factual statements presented in support of its Motion for Summary Judgment and in opposition to Plaintiff's Motion for Summary Judgment.

DATED this 18th day of December, 2012.

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik (026082)
strojnik@skplaw.com
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602 510 9409 (tel)
602 532 7572 (fax)

***Attorney for Plaintiff Tracy Rexroat***